UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE DIANA CELILLO, | No. 2:24-cv-01031-CKD |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. The parties have consented to magistrate judge jurisdiction for all purposes in this matter, including entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1968, applied on November 16, 2020 for DIB and SSI, alleging disability beginning April 2, 2019. Administrative Transcript ("AT") 23. Plaintiff alleges she was unable to work due to multiple physical and mental conditions, including fibromyalgia, depression,

insomnia, gout, joint and body pain, and severe hypertension. AT 29. In a decision dated April 26, 2023, the ALJ determined that plaintiff was not disabled.[1] AT 23-43. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since April 2, 2019, the application date.
>
> 3. The claimant has the following severe impairments: major depressive disorder, anxiety disorder, hypertension, Hashimoto's thyroiditis, and fibromyalgia.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work [with certain physical limitations]. She can perform simple repetitive tasks.

6. The claimant is unable to perform any past relevant work.[2]

7. The claimant was born [in 1968] and was 50 years old, which is defined as an individual closely approaching advanced age on the alleged disability onset date.

8. The claimant has at least a high-school education.

9. Transferability of job skills is not material to the determination of disability[.]

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 2, 2019, through the date of this decision.

AT 26-43.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The limitation to "simple, repetitive tasks" in the residual functional capacity (RFC) does not adequately reflect plaintiff's assessed moderate limitation in concentration, persistence, or pace.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th

---

[2] The ALJ found that plaintiff had engaged in past work as a bookkeeper, receptionist, and advocate. AT 40.

3

Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

In her sole claim, plaintiff argues that the RFC's limitation to "simple, repetitive" work does not adequately reflect the ALJ's finding of moderate limitations in concentration, persistence, or pace.

A. Applicable Law

When a claimant has presented a "colorable claim" of mental impairment, the ALJ is required "to follow a special psychiatric review technique." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 725-26 (9th Cir. 2011); 20 C.F.R. § 404.1520a(a). In performing the technique, the ALJ rates the degree of functional limitation for four functional areas and determines whether the impairment is severe. Keyser, 648 F.3d at 725; 20 C.F.R. § 404.1520a. The four areas are known as the "paragraph B" criteria: understanding and applying information; interacting with others; concentrating, persisting, and maintain pace; and adapting or managing oneself. 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 12.04(B), 12.06(B), 12.15(B). Agency policy explains that "the limitations identified in the 'paragraph B' . . . criteria are not an RFC assessment[.] . . . The

mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment[.]" Social Security Ruling (SSR) 96-8p.

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

B. Analysis

In assessing the "paragraph B" criteria, the ALJ found plaintiff to have a moderate limitation in concentration, persisting or maintaining pace. However, the ALJ noted that "the consultative examiner and state agency psychological consultants found no more than a mild limitation in this area."[3] AT 28. The ALJ continued:

> [G]iven the updated medical records documenting recent outpatient mental health treatment and the consistent complaints of difficulties in this area, I find the record supports a moderate limitation consistent with GAF scores of 55. This finding is accommodated in the limitation to simple repetitive tasks.

AT 28 (record citation omitted).

Similarly, in determining plaintiff's mental RFC, the ALJ reasoned:

> Based on the updated evidence of record, I find the claimant does have severe mental health impairments which limit her ability to perform work activities in the mild to moderate range as set forth above in the 'paragraph B' analysis. Given her reported symptoms of difficulty understanding, remembering, and concentrating due to the constellation of her impairments, including but not limited to . . . fibromyalgia, anxiety, and depression, I find the claimant retains a maximum residual functional capacity for simple repetitive tasks.

---

[3] Elsewhere in the decision, the ALJ noted: "Cognitive psychologist Dr. Thigpen opined the claimant was mildly impaired in her ability to perform simple, repetitive, detailed and complex tasks, interact with others, work on a consistent basis, maintain regular attendance, and complete a normal workday/workweek, and deal with work stress. Similarly, the state agency psychological consultants opined the claimant had no severe mental impairment." AT 39.

AT 39 (emphasis added). At the February 14, 2023 hearing, the ALJ posed a hypothetical to the vocational expert (VE) including a limitation to simple, repetitive tasks. AT 100. The VE testified that, given this and other limitations in the RFC, an individual could perform several medium and light occupations. See AT 41.

In Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008), the Ninth Circuit held that an ALJ's hypothetical to a VE adequately captures restrictions in concentration, persistence, or pace when the assessment is consistent with restrictions identified in the medical testimony. In that case, the Ninth Circuit upheld an RFC finding limiting the claimant to "simple, routine, repetitive" work, as accounted for limitations evidenced by the record "related to concentration, persistence or pace." Id. at 1173-1174. See e.g., Aguilar v. Berryhill, No. 2:17-cv-00089-CKD, 2018 WL 3740568, at *4 (E.D. Cal. Aug. 7, 2018) (RFC for simple, repetitive tasks was consistent with moderate limitation in concentration, persistence, or pace and supported by substantial evidence), citing Stubbs-Danielson, 539 F.3d at 1174; Hopkins v. Colvin, No. 1:13-cv-00031 JLT, 2014 WL 3093614, *15 (E.D. Cal. July 7, 2014) (limitation to simple, repetitive tasks addressed plaintiff's moderate limitations with regard to concentration, persistence, or pace), citing Sabin v. Astrue, 337 Fed. Appx. 617, 621 (9th Cir. 2009) (ALJ properly found plaintiff could perform simple, repetitive tasks despite moderate difficulty in concentration, persistence, or pace); Schmidt v. Colvin, No. 2:12-cv-00016 KJN, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) ("'Moderate' mental limitations are not necessarily inconsistent with an RFC for 'simple' tasks, as long as such assessment is generally consistent with the concrete restrictions identified in the medical evidence."), citing Stubbs-Danielson, 539 F.3d at 1174.

Here, three physicians found plaintiff to have only mild mental limitations, and the ALJ found plaintiff's subjective symptom testimony to be not entirely consistent with the medical evidence, in an unchallenged finding. See AT 30 (summarizing subjective symptom testimony), 31. The ALJ noted that plaintiff's medical record contained "few, if any, complaints of the need to take frequent breaks" due to her symptoms, and "[s]he has not been advised that she needs to take frequent breaks[.]" AT 36-37. The ALJ further noted that, while plaintiff "complains of some confusion at times, her mental status examinations document no cognitive defects despite

6

her anxiety and depression symptoms." AT 37.  Based on this record, the ALJ's conclusion that plaintiff could perform simple, repetitive tasks (despite moderate limitations in concentration, persistence, or pace) is consistent with Stubbs-Danielson and supported by substantial evidence. Defendant is entitled to summary judgment.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is denied;
2. The Commissioner's cross-motion for summary judgment (ECF No. 13) is granted; and
3. Judgment is entered for the Commissioner.

Dated:  April 15, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/celi1031.bothdibssi.ckd